JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3.
Defendant-appellant Mitchell Daniels was indicted for four counts of felony non-support of dependents. Daniels pleaded no contest to two counts and the remaining two counts were dismissed. When accepting Daniels's plea of no contest, the trial court ensured that Daniels knew that the maximum sentence that could be imposed for each offense was twelve months' incarceration. At the sentencing hearing, the trial court imposed five years of community control and two hundred hours of community service. The court ordered Daniels to keep current on his support obligation and to make payments on his arrearage. The court stated, "[I]f you fail to provide support for your children for more than three months out of a five-year period, I will extract the most, the maximum sentence the law permits."
Daniels failed to make his child-support payments. At his community-control revocation hearing, he pleaded no contest to the violations. The trial court sentenced Daniels to eleven months' incarceration on each offense and ordered the sentences to run concurrently. Daniels has appealed.
Daniels's sole assignment of error alleges that the trial court erred in imposing a prison term that was not specifically selected at the original sentencing hearing, as required by R.C.2929.19(B)(5). Daniels argues that because the trial court failed to specify at the original sentencing hearing the sentence that would be imposed upon a community-control violation, the court was precluded from imposing a sentence of imprisonment for the violations.
In State v. Chapman, 1st Dist. No. C-020115, 2002-Ohio-7336, Chapman had pleaded guilty to two charges of failing to support his children. The trial court imposed community-control sanctions and ordered Chapman to keep his child-support obligation current. The court informed Chapman that if he violated the terms of his community control, the court would impose the maximum sentence for each offense and that the sentences could run consecutively for an aggregate term of two years. Chapman failed to pay support as ordered. At his community-control revocation hearing, Chapman pleaded no contest. The trial court sentenced Chapman to consecutive sentences of eleven months, one for each offense. On appeal, Chapman argued that he could not have been sentenced to a term of imprisonment because, at his original sentencing hearing, the trial court failed to select a specific prison term from the range of potential prison terms applicable to his offenses.
We held that the trial court had properly sentenced Chapman to eleven months' incarceration for violating the conditions of his community control because by informing Chapman at the original sentencing hearing that he would be sentenced to the maximum term of imprisonment if he violated the conditions of his community control, the trial court had informed Chapman of the specific sentence that would be imposed for a community-control violation in accordance with R.C. 2929.19(B)(5). The sentence was not invalidated because the court ultimately decided to impose an eleven-month sentence for each offense, as opposed to the twelve-month maximum term it had specified.
The record in the instant case reflects that Daniels knew that the maximum term of incarceration that could be imposed for each of his offenses was twelve months. At the original sentencing hearing, the trial court informed Daniels that it would impose the maximum term for each offense if he violated the conditions of his community control. Daniels's sentence was not invalidated by the trial court's imposition of a lesser sentence of eleven months' incarceration for each offense when Daniels eventually violated the conditions of his community control. See id. The assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Winkler, P.J., Doan and Gorman, JJ.